UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAYMOND BRIAN RUIZ,<br><br>    Plaintiff,<br><br> v.<br><br>SNOHOMISH COUNTY, *et al.*,<br><br>    Defendants. | Case No. C19-946-MJP-MLP<br><br>ORDER |

## I.   INTRODUCTION

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court on Defendants' Motion for a Protective Order and Motion to Seal ("Defendants' Motion"). (Defs.' Mot. (Dkt. # 33).) Plaintiff did not file a response; however, Defendants filed a reply. (Defs.' Reply (Dkt. # 44).) Having considered Defendants' submissions, the balance of the record, and the governing law, the Court orders that Defendants' Motion (dkt. # 33) be GRANTED.

## II.   BACKGROUND

Plaintiff, proceeding *pro se*, was previously incarcerated at the Snohomish County Jail as a pretrial detainee. (Pl.'s Second Am. Compl. (Dkt. # 20) at 2.) Plaintiff's second amended

ORDER - 1

complaint alleges that Snohomish County Corrections Bureau Chief Anthony Aston, Corrections Bureau Major Jamie Kane, and Corrections Bureau Deputy Stuart Nicholas violated his First, Fourth, Fifth, and Fourteenth Amendment rights. (*Id.* at 3-7.)

Plaintiff alleges that on October 15, 2018, friends and family electronically deposited a total of $5,115.00 into his "Inmate/Resident Account." (Pl.'s Second Am. Compl. at 3-4.) He alleges that the following day, $5,120.00 was deducted from his account for a "Misc Charge," leaving him with only $0.80. (*Id.*) He claims that he unsuccessfully filed grievances for the return of the $5,120.00. (*Id.* at 3-4, 5-6.) Plaintiff additionally submitted a claim for damages to the Snohomish County Risk Manager, which a Snohomish County deputy prosecutor later denied, explaining:

> Information available to this office indicates that the funds for which you seek reimbursement arrived in your account fraudulently. The 10 electronic transfers into your account on October 15, 2018, totaling $5,115, were the result of a temporary software systems error and a deliberate attempt to populate your account balance with monies that did not belong to you.

(*Id.* (Dkt. # 20-1) at 7.) Plaintiff alleges that Deputy Nicholas and Major Kane later assaulted Plaintiff in retaliation for filing grievances based on the issue. (Pl.'s Second Am. Compl. at 6-7.)

On October 23, 2020, Defendants filed the instant motion for a protective order and motion to seal. (Defs.' Mot.).) Defendants' Motion seeks to file a May 13, 2019 security video from the Snohomish County Jail of the alleged assault referenced in Plaintiff's second amended complaint. (*Id.* at 1-2.) In the interest of preserving jail security, Defendants seek to file the security video under seal. (*Id.* at 2; Bosch Decl. (Dkt. # 33-1) at ¶ 4.) Defendants' Motion outlines that, should it be granted, Defendants' counsel would send Plaintiff's prison counselor a copy of the video. (Defs.' Mot. at 2; Bosch Decl. at ¶¶ 4-5.) Plaintiff would then have one day to view the video before Plaintiff's prison counselor would return it to Defendants' counsel. (*Id.*)

ORDER - 2

1    Defendants note they have spoken to Plaintiff and Plaintiff's prison counselor about Defendants'

2    proposed procedure, and Plaintiff's prison counselor indicated he was amenable to it. (*Id.*)

### III. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(c)(1), a court may, for good cause, issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Defendants explain that the release of the security video to Plaintiff could jeopardize the security and safety of inmates, corrections officers, and the public. (Hall Decl. (Dkt. # 33-2) at ¶¶ 2, 4-9.) Defendants additionally assert that awareness of camera positions inside the jail creates a security and safety hazard by providing Plaintiff, and potentially other inmates, with knowledge regarding what actions are monitored, recorded, and in the field of view of the jail cameras. (*Id.* at ¶ 7.)

Here, the Court concludes that Defendants have detailed legitimate security concerns relating to the potential for distribution of the requested video footage, and therefore, have met the good cause standard of Fed. R. Civ. P. 26(c)(1). Defendants' proposed plan that would provide Plaintiff an opportunity to view, but not retain, the security video is also reasonable. Specifically, Defendants' counsel, with the assistance of Plaintiff's prison counselor, can facilitate a supervised viewing of the security video at issue. (Defs.' Mot at ¶ 2; Bosch Decl. at ¶¶ 4-5.) The Court finds Defendants' proposed procedure provides Plaintiff adequate access to the security video for purposes of litigating his case, while also mitigating security concerns surrounding disclosure of the video. Furthermore, Plaintiff failed to file an objection.

Defendants additionally seek to file the video under seal in support of a pending motion for summary judgment. (Defs.' Mot. at 1-2.) Local Civil Rule 5(g) provides a document should be filed under seal:

ORDER - 3

(A) if a statute, rule, or prior court order expressly authorizes the party to file the document under seal; or

(B) if the party files a motion or stipulated motion to seal the document before or at the same time the party files the sealed document. Filing a motion or stipulated motion to seal permits the party to file the document under seal without prior court approval pending the court's ruling on the motion to seal. The document will be kept under seal until the court determines whether it should remain sealed.

Here, the Court finds that the security and safety reasons detailed in Defendants' supporting declarations are compelling reasons to warrant allowing Defendants to file the security video under seal. (*See* Hall Decl. at ¶¶ 2, 4-9.) Accordingly, Defendants are authorized to file the security video in support of its pending dispositive motion under seal.

## IV.   CONCLUSION

For the forgoing reasons, the Court hereby ORDERS as follows:

(1)   Defendants' Motion (dkt. # 33) is GRANTED. Defendants shall arrange for Plaintiff to have a supervised viewing of the May 13, 2019 security video footage through Plaintiff's prison counselor. Plaintiff may view the contents of the security video as reasonably necessary to prepare his defense of the motion for summary judgment and to prosecute his case, but not retain or possess a copy. The security video will not be otherwise released to the public.

(2)   Defendants are authorized to file the May 13, 2019 security video in support of Defendants' Motion for Summary Judgment (dkt. # 34) and are required to file such video under seal pursuant to Local Rule Civil Rule 5(g). Defendants shall submit a copy of the May 13, 2019 security video to the Court by the noting date.

(3)   Defendants' Motion for Summary Judgment (dkt. # 34) is re-noted on the Court's calendar for consideration on **December 4, 2020**.

ORDER - 4

(4)     The Clerk is directed to send copies of this Order to the parties and to the Honorable Marsha J. Pechman.

Dated this 12th day of November, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5